USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 7-23-19

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, and the NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,<br>       Petitioners,<br><br>-against-<br><br>PICCINI MNM, INC,<br>       Respondent. | 18-cv-08202 (ALC)<br><br>**Opinion and Order** |

**ANDREW L. CARTER, JR., United States District Judge:**

Petitioners seek confirmation of an arbitration award entered against Respondent Piccini MNM, Inc. Respondent has not opposed the petition. For the reasons set forth below, the petition is granted.

## BACKGROUND

Petitioners include Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, and Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "ERISA Funds"), Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Fund"), New York City and Vicinity Carpenters Labor-Management

1

Corporation (together, with the ERISA Funds and the Charity Fund, as the "Funds") and New York City District Council of Carpenters (the "Union").

The Union is a labor organization and the certified bargaining representative for certain employees of Respondent. Pet. ¶ 7. During the relevant time period, Respondent was a member of the Association of Wall Ceiling and Carpentry Industries of New York, Inc. (the "AWCC"). Pet. ¶ 9. As a member of the AWCC, Respondent was bound to the collective bargaining agreement between the AWCC and the Union (the "CBA"). *Id.* at ¶ 10. The CBA requires Respondent to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union. *Id.* at ¶ 11. The CBA also requires Respondent to furnish its books and payroll records when requested by the Funds to conduct audits to ensure Respondents comply with required benefit fund contributions. *Id.* at ¶ 12. The CBA also binds employers to the Funds' Collection Policy.

The CBA provides that if a dispute arises between the Union and Respondent, either party "may seek arbitration of the dispute before [an] impartial arbitrator." Pet. ¶ 13. The CBA specifies that if such an arbitration takes place and the "arbitrator renders an award in favor of such Fund(s), the arbitrator shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable under this Agreement and Declaration of Trust establishing such Fund(s)." *Id.* at ¶ 14.

An audit of Respondent covering the period March 14, 2014 through June 19, 2016 revealed that it failed to remit all required contributions to the Funds. Pet. ¶ 16. Petitioners then initiated arbitration pursuant to the CBA's arbitration clause. *Id.* at ¶ 17. The arbitrator found that

Respondent violated the CBA and awarded Petitioner a total of $13,217.17. *See Id.* at ¶ 19. Respondent has not paid any portion of the award. *Id.* at ¶ 21.

On September 10, 2018, Petitioners filed this lawsuit. ECF. No. 1. On February 19, 2019, the Court issued an order to show cause as to why the petition should not be considered unopposed and directed Respondent to respond by March 19, 2019. ECF No. 9. To this date, Respondent has not appeared or responded to Petitioners' motion to confirm their arbitration award. The Court now resolves the unopposed motion.

## DISCUSSION

### I. Legal Standard

"Arbitration awards are not self-enforcing" and only go into effect when converted into judicial orders. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006); *see also Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Galway Dev. Corp.* ("*Galway*"), 2019 U.S. Dist. LEXIS 62087, at *5 (S.D.N.Y. Apr. 10, 2019); *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 U.S. Dist. LEXIS 22775, 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (internal quotation mark omitted). The Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq. provides a "streamlined" process for parties seeking "a judicial decree confirming an award." *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008)). "[D]efault judgments in the confirmation/vacatur [of arbitration] proceedings are generally inappropriate." *D.H. Blair*, 462 F.3d at 109. Instead, the court conducts a summary proceeding, "merely mak[ing] what is already a final arbitration award a judgment of the court." *Id.* at 110 (internal quotation marks and citations omitted). Courts must give great deference to an arbitrator's decision. *Duferco Int'l*

3

*Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). "The arbitrator's rationale for an award need not be explained," and "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award. *D.H. Blair*, 462 F.3d at 104 (internal quotation marks and citations omitted).

Courts in this circuit evaluate unopposed motions to confirm an arbitration award under the same legal standard as a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109-10. To prevail, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view all facts "in the light most favorable" to the non-moving party and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Tolan v. Cotton*, 572 U.S. 650, 134 S. Ct. 1861, 1866, 188 L. Ed. 2d 895 (2014) (citations omitted); *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation mark omitted).

When evaluating an unopposed motion for confirmation of an arbitration award, a court:

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented.

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law [. . .] a court must grant an order to confirm an arbitration award upon the timely application of a party." *Galway*, 2019 U.S. Dist. LEXIS 62087, at *5 (quoting *Herrenknecht*

*Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 U.S. Dist. LEXIS 28495, 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007)).

II. **Analysis**

A. **Confirmation of Award**

The Court confirms Petitioners' arbitration award in its entirety. Summary judgment is warranted, as Petitioners have shown there is no dispute of material issues of fact. The arbitrator acted within the scope of his authority and found "substantial and credible evidence" that Piccini MNM, Inc. was required to make certain contributions to the Funds, and that it failed to do so, as revealed by evidence submitted by petitioners at the arbitration hearing. Pet. ¶ 21. Likewise, the arbitrator's award regarding interest, liquidated damages, non-audit late payment interest, promotional fund contributions, attorneys' fees and court costs is supported by the CBA. Therefore, there is at least a "barely colorable" justification for each component of the arbitrator's award. *D.H. Blair*, 462 F.3d at 104. Accordingly, the Court confirms the Award in favor of petitioners, for a total amount of $13,217.17.

A. **Attorneys' Fees in this Action**

In addition to the arbitrator's award, petitioners also request fees and costs incurred in bringing the instant Petition. Pet. ¶ 24. In actions to confirm arbitration awards, it is well established that "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Int'l Chem. Workers Union v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (quoting *Bell Production Engineers Ass'n v. Bell Helicopter Textron*, 688 F.2d 997, 999 (5th Cir. 1982)). Here, Respondent has neither complied with the Award nor offered any justification for its failure to do so. Given

respondent's failure to appear for arbitration and in this matter, and respondent's failure to show good cause for its failure to abide by the arbitrator's award, an award of reasonable attorney's fees is an appropriate equitable remedy. *See, e.g., Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman, Retraining, Educ. & Indus. Fund v. Mountaintop Cabinet Mfr. Corp.*, No. 11 CV 8075 (JMF), 2012 WL 3756279, at *4 (S.D.N.Y. Aug. 29, 2012) (holding that a court may award attorneys' fees under its inherent equitable powers when opposing counsel acts in bad faith). The Court has reviewed Petitioner's submission and finds that its fees and costs are reasonable and analogous to the amounts granted by courts in this district. *See Id.* (granting $1,910.00 in attorneys' fees and costs).

### B. Post Judgment Interest

Petitioners also seek post-judgment interest. Pet. ¶ 35. Federal law provides a standard formula for calculating interest "on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. Awards of post judgment interest under § 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). Accordingly, § 1961 applies to actions to confirm arbitration. *See, e.g., Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case). Therefore, the Court also awards interest to accrue from the date judgment is entered until payment is made.

### CONCLUSION

For the reasons set forth above, Petitioners' motion to confirm the arbitration award is granted. The Clerk of Court is directed to award judgment in favor of the Petitioners and against Respondent in the amount of $13,217.17 pursuant to the June 4, 2018 arbitration award with

interest to accrue at the rate of 5.75% from the date of the Award, pursuant to the arbitrator's Award, plus $1,807 in attorneys' fees and $75 in costs arising out of this petition, and post-judgment interest at the statutory rate. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: September 23, 2019
      New York, New York

                                **ANDREW L. CARTER, JR.**
                                **United States District Judge**